UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JOHNNY MEXICO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-284 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| TERRIE GRUBAUGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims because they are unexhausted or fail to state a claim.

**Discussion**

      I.        Factual Allegations

Plaintiff is presently incarcerated at Marquette Branch Prison, although the events giving rise to Plaintiff's action occurred while he was incarcerated in the Riverside Correctional Facility ("ICF"). In his *pro se* complaint, Plaintiff sues ICF nurse Terrie Grubaugh and unknown parties named as "et al".

Plaintiff alleges that on several occasions Defendant Grubaugh willingly stood outside of his cell and watched through the cell door window as he masturbated. According to Plaintiff, these incidents took place on February 3, 9, 11, 12 and 13, 2004. On the evening of February 13, Defendant came back to Plaintiff's cell. She was angry because a prison guard overheard Plaintiff telling another prisoner about Defendant watching him masturbate. Defendant allegedly told Plaintiff that in order to avoid an investigation, she wrote a sexual misconduct report against him claiming that the incident that morning was non-consensual. On February 18, 2004, Defendant allegedly came to Plaintiff's cell and apologized for writing the misconduct ticket against him. She told him that she did not want the misconduct "to end everything between them." As a result, Plaintiff claims that he did not report their activities at the time of the misconduct proceedings. The hearing officer found Plaintiff guilty of the misconduct.

Plaintiff claims that Defendant continued to voluntarily watch him and other prisoners masturbate on various occasions over the next several months. Defendant allegedly exposed her breast during some of the encounters. Plaintiff further claims that Defendant wrote four letters to him of a sexual nature and that he had temporary possession of a pair of Defendant's panties. In addition, Plaintiff claims that Defendant was sexually involved with various prison guards. Plaintiff

eventually grew disgusted by Defendant's sexual promiscuity and wrote a letter to the housing unit manager on June 10, 2004, complaining of her conduct. Later that day, Plaintiff was taken out of his cell for a shower. When he returned to his cell, he found his property in disarray. Four legal envelopes full of legal materials were missing, as well as the letters that Defendant had written him. Plaintiff claims that his property was seized by one of the officers with whom Defendant was having sexual relations. According to Plaintiff, Defendant came to his cell and told him that he could not prove anything because she had retrieved her letters. She also threatened him not to "snitch" on her.

Plaintiff claims that Defendant wrote a false misconduct report against him to cover-up her sexual misconduct in violation of his due process rights. He further alleges that Defendant and her "boyfriend" conspired to seize property from his cell in violation of his Fourth and Fourteenth Amendment rights. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. Among other things, Plaintiff seeks to have the misconduct removed from his institutional file.

##           II.     Exhaustion of Administrative Remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003).

The Michigan Department of Corrections has a three-step prison grievance process.  While prisoners may generally grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement", *see* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E, some issues are considered non-grievable, including decisions made by hearing officers in major misconduct proceedings.  *See* Policy Directive 03.02.130, ¶ F(1).  Because his misconduct conviction is non-grievable, the Court must assume that Plaintiff has exhausted his available administrative remedies with regard to his major misconduct conviction.  The Court will consider the merits of Plaintiff's due process claim below.

Plaintiff, however, failed to grieve his claim that Grubaugh conspired to seize and destroy evidence from Plaintiff's cell after he reported her alleged sexual activities.  Plaintiff generally alleges that "those administrative remedies which could be exhausted . . . had been

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

exhausted." (Compl., ¶ III(c).) An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. Mar. 16, 1999). Plaintiff fails to specifically allege or show that he grieved his claim arising from the June 10, 2004 property seizure through the three-step administrative grievance process. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."). Accordingly, Plaintiff failed to exhaust his claim against Defendant Grubaugh arising from the June 10, 2004 property seizure. Plaintiff's unexhausted claim must be dismissed without prejudice. *See Freeman,* 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

### III.  Misconduct Conviction

Plaintiff claims that he was charged and convicted of a false misconduct. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the

conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). *See also Muhammad v. Close*, 124 S. Ct. 1303 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, 124 S. Ct. 1303, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his

disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[2] Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claim arising from misconduct conviction fails to state a claim. The Court will dismiss without prejudice Plaintiff's claim arising from the June 10, 2004 property seizure because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

---

[2] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  
August 24, 2005

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE