UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JOHNNY MEXICO, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-284 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| TERRIE GRUBAUGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### ORDER DENYING RECONSIDERATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On August 24, 2005, after conducting the review required under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court issued an Opinion and Judgment dismissing Plaintiff's Complaint. Plaintiff's claim arising from an alleged June 10, 2004 property seizure was dismissed due to lack of exhaustion, under 42 U.S.C. § 1997e(a). Plaintiff's claim arising from a misconduct conviction was dismissed due to failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). Plaintiff has now moved for reconsideration.

The Court construes Plaintiff's request for reconsideration as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend a judgment. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). As a motion to alter or amend a judgment must be filed no later than ten days after entry of judgment, the Court finds that Plaintiff's motion is not timely. *See* Fed. R. Civ. P. 59(e). In his Motion for Reconsideration, Plaintiff argues that this Court violated his rights under the Due Process Clause by dismissing his Complaint without ruling

on: (i) the relief that Plaintiff requested in his motion for leave to proceed *in forma pauperis*; and (ii) his "Motion for Discovery, Disclosures" and his "Motion for Depositions and Written Interrogatories."

Plaintiff requested that this Court deduct monies that Plaintiff spent on material to prepare his Complaint and postage to file his Complaint from the filing fee in his motion for leave to proceed *in forma pauperis*. "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, . . ., to pay a filing fee of $250 . . . ." 28 U.S.C. § 1914(a). The plain language of the statute does not permit a deduction for material and postage from the filing fee. Plaintiff also claims that this Court mistakenly charged Plaintiff a filing fee of $250.00 rather than $150.00. As of February 7, 2005, the filing fee for a civil action is $250.00. *Id.* Plaintiff filed his civil rights action on or about April 18, 2005, after the $250.00 civil filing fee took effect. Therefore, Plaintiff is liable for the $250.00 filing fee. Because the obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court, Plaintiff remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

In his Motion for Reconsideration, Plaintiff also requests this Court to rule on his "Motion for Discovery, Disclosures" and "Motion for Depositions and Written Interrogatories."[1] Because this Court previously dismissed Plaintiff's Complaint, these motions will be denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 11) is **DENIED**.

---

[1] These multiple motions were filed as part of a single document, Dkt. No. 3.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Discovery, Disclosures"and "Motion for Depositions and Written Interrogatories" (Dkt. No. 3) are **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 10, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |